Anerio V. Altman, Esq. #228445
Law Office of Anerio V. Altman
27031 Vista Terrace #209
Lake Forest, CA 92630
Phone (949) 218-2002
Fax (949) 325-1171
avaesq@lakeforestbkoffice.com

**ATTORNEY FOR DEBTOR**
**JANET L. YOUNG**

# UNITED STATES BANKRUPTCY COURTS
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In Re: YOUNG, JANET L. <br><br>_____<br><br>CHASE BANK U.S.A., <br><br>Plaintiff <br><br>v. <br><br>JANET LYNN YOUNG, <br><br>Defendant | Case No.: 8:09-BK-17617-ES <br><br>Adversary No.: 8:09-ap-01702-ES <br><br>**Chapter 7** <br><br>**ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** <br><br>**11 USC § 523(a)(2)(a)** <br><br>**JUDGE** <br>ERITHE SMITH <br><br>**TRUSTEE** <br>THOMAS CASEY <br><br>**STATUS CONFERENCE** <br>Time: 9:30 A.M. <br>Date: February 4th, 2010 <br>Place: United States Bankruptcy Court <br>         411 West Fourth Street, 5A <br>         Santa Ana, CA 92701 |

Defendant Janet L. Young ("Defendant") responds to the complaint of Plaintiff Chase Bank USA, N.A. ("Plaintiff") as follows:

1a.    PLAINTIFF ALLEGES: This is an adversary proceeding in bankruptcy brought by Chase Bank USA, N.A. pursuant to 11 U.S.C. Sec. 523.

1b.    DEFENDANT'S RESPONSE: Admit.

_____

- 1

ANSWER

2a.    PLAINTIFF ALLEGES: Plaintiff is a foreign corporation licensed to do business in the State of California with all fees and licenses paid, and otherwise is entitled to bring this action.

2b.    DEFENDANT'S RESPONSE: Defendant can neither confirm not deny the allegations in this paragraph as such information is outside of her sphere of knowledge.

3a.    PLAINTIFF ALLEGES: Defendant filed a Chapter 7 bankruptcy petition on 07/28/2009.

3b.    DEFENDANT'S RESPONSE: Admit.

4a.    PLAINTIFF ALLEGES: Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. Sec. 157, 28 U.S.C. Sec. 1314, and 11 U.S.C. Sec. 523; this matter is a core proceeding.

4b.    DEFENDANT'S RESPONSE: Admit.

5a.    PLAINTIFF ALLEGES: Plaintiff is a creditor in this bankruptcy proceeding.

5b.    DEFENDANT'S RESPONSE: Admit.

## II.  CAUSE OF ACTION

6a.    PLAINTIFF ALLEGES: Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 5, above.

6b.    DEFENDANT'S RESPONSE: Defendant re-alleges and re-incorporates the admissions, denials and further responses set forth in responses 1 through 5 above by this reference.

7a.    PLAINTIFF ALLEGES: Plaintiff has attempted to resolve this matter prior to filing this complaint, by contacting the Defendant's attorney.

7b.    DEFENDANT'S RESPONSE: Admit.

8a.    PLAINTIFF ALLEGES: At all times mentioned, Plaintiff granted to Defendant an extension of credit in the form of a credit card bearing Account No. XXXXXXXXXXXX7339.

8b.    DEFENDANT'S RESPONSE: Deny insofar as Defendant can neither confirm nor deny how long they line of credit in question was open nor the account number listed in this paragraph.

9a.    PLAINTIFF ALLEGES: Defendant utilized the aforementioned line of credit, creating a balance due and owing on this account of $9,534.69, including interest as of the date the bankruptcy petition was filed.

9b.     DEFENDANT'S RESPONSE: Defendant can neither confirm not deny the allegations contained in this paragraph as such information is outside of her sphere of knowledge.

10a.    PLAINTIFF ALLEGES: Specifically for account number XXXXXXXXXXX7339 on 4/22/2009 Defendant incurred $10,000.00 on cash advance and made subsequent payments totaling $597.00, leaving a net advance of $9,403.00.

10b.    DEFENDANT'S RESPONSE: Defendant can neither confirm nor deny the allegations contained in this paragraph as such information is outside of her knowledge. Defendant admits that she had incurred approximately $10,000.00 in cash advances as described, had paid approximately $597.00 as described and may have owed approximately $9403.00 as of the date of filing.

11a.    PLAINTIFF ALLEGES: At the time the Defendants incurred charges on their account, they were cognizant of their inability to repay the charges incurred on the line of credit.

11b.    DEFENDANT'S RESPONSE: Deny.

12a.    PLAINTIFF ALLEGES: Pursuant to In Re Dougherty 84 B.R. 653 (9th Cir. 1998), Courts may consider twelve factors or the totality of the circumstances to help determine a debtor's state of mind regarding an intention to repay.

12b.    DEFENDANT'S RESPONSE: Defendant can neither confirm nor deny the information contained in this paragraph as such is outside of her sphere of knowledge.

13a.    PLAINTIFF ALLEGES: These factors in Dougherty relevant to this case include:
    (a)    The time between the unpaid charges and the bankruptcy filing; the number and amount of charge made;
    (b)    The debtor's payment and debt incurrence history;
    (c)    Whether the charges exceeded the debtor's credit limit;
    (d)    Whether the debtor incurred multiple charges on the same day;
    (e)    Whether there was a sudden change in the debtor's buying habit; and
    (f)    Whether the purchases were made for luxuries or necessities.

13b.   DEFENDANT'S RESPONSE:  Defendant can neither confirm nor deny the information contained in this paragraph as such is outside of her knowledge.

14a.   PLAINTIFF ALLEGES:  By obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on this account, Defendant represented an intention to repay the amounts charged Dougherty 84 B.R. 653 (9th Cir. 1998).

14b.   DEFENDANT'S RESPONSE:  Deny.

15a.   PLAINTIFF ALLEGES:  Defendant has to be cognizant of the fact that they did not have the ability to repay the debt in full to Plaintiff or any other card issuer.

15b.   DEFENDANT'S RESPONSE:  Deny.

16a.   PLAINTIFF ALLEGES:  By reason of the foregoing, Defendant obtained money from the Plaintiff through false pretenses, false representations and actual fraud.

16b.   DEFENDANT'S RESPONSE:  Deny.

17a.   PLAINTIFF ALLEGES:  Defendant, therefore, had a specific intent to defraud Plaintiff by accepting the benefits of the cash advances and/or purchases without ever intending to repay the same.

17b.   DEFENDANT'S RESPONSE:  Deny.

18a.   PLAINTIFF ALLEGES:  Defendant's actions constitute material misrepresentations of the facts.

18b.   DEFENDANT'S RESPONSE:  Deny.

19a.   PLAINTIFF ALLEGES:  Defendant intended for Plaintiff to rely on those misrepresentations.

19b.   DEFENDANT'S RESPONSE:  Deny.

20a.   PLAINTIFF ALLEGES:  Plaintiff did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations.

20b.   DEFENDANT'S RESPONSE:  Defendant can neither confirm nor deny the allegations contained in this paragraph as such is outside of her sphere of knowledge.

21a.   PLAINTIFF ALLEGES:  Plaintiff reasonably relied on Defendant's misrepresentations.

21b.    DEFENDANT'S RESPONSE: Deny.

22a.    PLAINTIFF ALLEGES: Defendant's debt is a "consumer debt", as defined by 11 U.S.C. Sec. 101(8).

22b.    DEFENDANT'S RESPONSE: Deny.

23a.    PLAINTIFF ALLEGES: As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $9,403.00. Pursuant to 11 U.S.C. Sec. 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $9,403.00.

23b.    DEFENDANT'S RESPONSE: Defendant can neither confirm nor deny the allegations contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

## FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

As a first affirmative defense, Defendant alleges Plaintiff has failed to state sufficient facts to constitute a cause of action upon which relief can be granted. Plaintiff has stated no facts supporting their assertion that Defendant was cognizant of any inability to repay her creditors at the time the charges were made.

## SECOND AFFIRMATIVE DEFENSE

## FAILURE TO MITIGATE DAMAGES

As a second affirmative defense, Defendant alleges Plaintiff has failed to mitigate their own damages in that if the facts were present that demonstrated the Defendant's inability to pay her creditors, Plaintiff had knowledge of these facts and took no action to limit the amount of credit they had offered to her.

## THIRD AFFIRMATIVE DEFENSE

## 11 U.S.C. 523(d)

As a third affirmative defense, Defendant alleges that the adversary complaint was not filed with substantial justification pursuant to 11 U.S.C 523(d) in that Plaintiff did not conduct an adequate investigation in to the merits of Defendant's Chapter 7 filing.

WHEREFORE, the Defendant prays for judgment as follows:

    1.    An Order that Plaintiff take nothing;

    2.    An Order determining that the debts that are the subject of Plaintiff's Complaint be deemed to be dischargeable;

    3.    An Order awarding Defendant costs and attorney's fees pursuant to 11 U.S.C. 523, subdivision (d); and

    4.    An Order awarding Defendant such further relief as this Court deems just and equitable.

Dated:  December 20th, 2009        Signed:/S/ ANERIO V. ALTMAN, ESQ.
                                        ANERIO V. ALTMAN, ESQ.
                                        ATTORNEY FOR DEFENDANT
                                        JANET L. YOUNG