Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
27031 Vista Terrace #209
Lake Forest, CA 92630
Phone (949) 218-2002
Fax (949) 325-1171
avaesq@lakeforestbkoffice.com

**ATTORNEY FOR DEBTOR
JANET L. YOUNG**

# UNITED STATES BANKRUPTCY COURTS
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In Re: YOUNG, JANET L. | Case No.: 8:09-bk-17617-ES |
| | Adversary No.: 8:09-ap-01702-ES |
| CHASE BANK U.S.A., | **Chapter 7** |
| Plaintiff | |
| v. | **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS; REQUEST FOR ATTORNEY'S FEES UNDER 11 U.S.C. 523(d); MEMORANDUM OF POINTS AND AUTHORITIES** |
| JANET LYNN YOUNG, | |
| Defendant | |
| | **JUDGE** |
| | ERITHE SMITH |
| | **TRUSTEE** |
| | THOMAS CASEY |
| | **HEARING DATE** |
| | Date: September 14th, 2010 |
| | Time: 2:00 P.M. |
| | Place: 5A |

Debtor JANET L. YOUNG ("Debtor", "Defendant") hereby moves the Court for judgment on the pleadings pursuant to Fed. R.s Civ. P. 12(c), as incorporated by Bank. Rule 7012(c).

_____

- 1 -

MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant requests that she be granted judgment on the pleadings dismissing the adversary proceeding pursuant to Fed. R. Civ. P. 12(c). Defendant's Motion is based on, *inter alia,* that the Complaint filed by the Plaintiff CHASE BANK U.S.A. ("Plaintiff") fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(c), as incorporated by Bank. Rule 7012(c).

Defendant further requests attorney's fees in defending this action pursuant to 11 U.S.C. 523(d).

This motion is based upon this Motion, the attached Memorandum of Points and Authorities, as well as the pleadings and papers on file herewith, and upon such other oral and documentary evidence as may be presented at the hearing of this matter.

Dated:  June 18, 2010                    Signed: /S/ ANERIO V. ALTMAN, ESQ.
                                                 ANERIO V. ALTMAN, ESQ.
                                                 ATTORNEY FOR DEFENDANT
                                                 JANET L. YOUNG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF THE CASE

This action arises out of a claim that Defendant made certain credit card purchases and/or cash advances without the intention to pay for said purchases and/or cash advances. Plaintiff is a creditor in Defendant's Chapter 7 bankruptcy case[1]. Plaintiff's Complaint ("Complaint") pleads a single cause of action seeking to have Defendant's debt to Plaintiff declared nondischargeable under 11 U.S.C. §523(a)(2). Plaintiff also seeks compensatory damages, interest, attorney's fees and costs.

As more fully discussed below, the Complaint should be dismissed as it fails to state a claim upon which relief may be granted because it lacks the required factual allegations under Rule 8 of The Federal Rules of Civil Procedure, as incorporated in Fed. BK. Rule 7008.

Further, Plaintiff has, by operation of law, admitted that there are insufficient facts to support its cause of action, and that there was no legitimate or reasonable basis to bring this cause of action against the Defendant.  As such, Plaintiff is liable for all attorney's fees incurred by the Defendant incurred by the Defendant as a result of its complaint pursuant to 11 U.S.C. 523(d).

## II.    APPLICABLE LAW

Defendant brings her motion pursuant to F.R.B.P. 7012(c) as it incorporates Federal Rule of Civil Procedure 12(c).  Defendant also utilizes F.R.B.P. 7037(a) for the purpose of admitting Requests for Admissions in support of her motion.

### A.  RULE 12 C MOTIONS

A Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) (as incorporated in Bank. Rule 7012(b)) motion to dismiss are often regarded as interchangeable,[2] and in fact the

---

[1] In Re: Janet L. Young, Case No. 8:09-BK-17617-ES
[2] William W. Schwarzer, et al., Federal Civil Procedure Before Trial §9:319 (2003).

- 3 -

MOTION FOR JUDGMENT ON THE PLEADINGS

9th Circuit has used the same standard in both motions[3]. The differences between the two motions are the timing and the party bringing the motion: A motion for judgment on the pleadings is usually brought after an answer has been filed and may be brought by either party while a motion to dismiss is typically brought before an answer is filed, and generally brought by the defendant[4].

In considering a motion for judgment on the pleadings, the court may amend and/or may "dismiss causes of action rather than grant judgment" due to the similarities in 12(b) and 12(c) motions[5]. A motion presented under Rule 12(c) does not prevent the court from disposing of the motion by dismissal rather than judgment[6]. As a result, the Court may consider this motion as it would a motion to dismiss.

Rules 12(b)(6) and 12(c) allow the court to dismiss a complaint upon failure to state a claim upon which relief can be granted. A dismissal of this type may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory[7]. In applying this standard, the court's review is limited to the contents of the complaint[8]. The court must accept all factual allegations pleaded in the complaint as true, construing and drawing all reasonable inferences from the allegations in favor of the nonmoving party[9].

However, the court need not accept unreasonable inferences or conclusory legal allegations case in the form of factual allegations as true[10]. Furthermore, conclusory allegations

---

[3] See, Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989)(stating standard for motion for judgment on the pleadings); Balistreri v. Pacifica Police Dept., 901 F.2d 696,699 (9th Cir. 1988)(stating the standard for motion to dismiss
[4] Jones V. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)(discussing timing of 12(b) and 12(c) motions); & In re Villegas, 132 B.R. 742, 744-45 (9th Cir. BAP 1991)
[5] Moran v. Peralta Cmty College Dist., 825 F.Supp. 891, 893 (N.D.Cal 1993)
[6] Amersback v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979)
[7] Balistreri 901 F.2d at 699; & Hal Roach Studios, 896 F.2d at 1550.
[8] Hal Roach Studies, 896 F.2d at 1550
[9] See Cahill v. Liberty Mutual Ins. Co., 80 F.3d 337-38 (9th Cir. 1996)
[10] See Western Minin Counsil v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) cert. denied, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981)

that contradict facts that may be judicially noticed or that are contradicted by documents referred to in the complaint need not be accepted as true[11].

B.  F.R.B.P. 37(a)-WHEN REQUESTS FOR ADMISSIONS ARE UNANSWERED

On or around April 26, 2010 Defendant propounded certain Requests for Admissions.[12] The Defendant has not received any responses as of the date of this document.

Pursuant to Federal Rule of Bankruptcy Procedure 7037(a) (As it incorporates Federal Rule of Civil Procedure 37(a)), these requests are deemed admitted.  This rule is self-executing and no further motion need to filed with the court.

To wit, Plaintiff has admitted the following facts:

1. Plaintiff did not attend the 341A Hearing in the Debtor's Bankruptcy Case 8:09bk-17617-ES;

2. Other than asserting that the Defendant made certain charges in April 2009, the Defendant has no facts demonstrating the Defendant's specific intent to defraud the Plaintiff;

3. That the Defendant did not exceed her credit limit at any point prior to May 1, 2009;

4. That the Plaintiff had no intention to advance this proceeding until trial; and

5. The complaint was filed with knowledge that it failed to state a cause of action under Federal Law 11 U.S.C. 500 et seq.

### III. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE IT LACKS SUFFICIENT FACTUAL ALLEGATIONS

A.  FAILURE TO STATE A CAUSE OF ACTION

---

[11] See, e.g., Steckman v. Hart Brewing Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998)

[12] See Exhibit A.

The Complaint fails to state sufficient facts to constitute a cause of action under 11 U.S.C. 523(a)(2)(a).

A cause of action under 11 U.S.C. 523(a)(2) states that a debt may not be discharged to the extent it is incurred:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The Complaint contains 23 paragraphs: 17 paragraphs of allegations and 5 paragraphs stating jurisdiction, venue and naming of the parties. Defendant asserts that only 8 of these paragraphs contain factual informational that must be construed as true for the purpose of this motion, paragraphs 7-10, & 20-23. The remaining paragraphs a simply recitations of law.

Paragraphs 7-10, & 20-23 state as follows:

7. Plaintiff has attempted to resolve this matter prior to filing this complaint, by contacting the Defendant's attorney;

8. At all times mentioned, Plaintiff granted to Defendant an extension of credit in the form of a credit card bearing Account No. XXXXXXXXXXXX7339.

9. Defendant utilized the aforementioned line of credit, creating a balance due and owing on this account of $9,534.69, including interest as of the date the bankruptcy petition was filed.

10. Specifically for account number XXXXXXXXXXXX7339 on 04/22/2009 Defendant incurred $10,000.00 on cash advance and made subsequent payments totaling $597.00, leavin[sic] a net advance of $9,403.00.

***

20. Plaintiff did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations.

21. Plaintiff reasonably relied on Defendant's misrepresentations.

22. Defendant's debt is a "consumer debt", as defined by 11 U.S.C.§ 101(8).

23. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $9,403.00.

In paragraph 11, the Complaint generally alleges the Defendant was "cognizant of their inability to repay the charges incurred on the line of credit,[13]" and therefore, the debt owed to Plaintiff should be non-dischargeable.   Plaintiff does not state how the Defendant was cognizant of their inability to repay the charges, or that the Defendant was unable to pay these charges.

This type of pleading is wholly insufficient for the purposes of 11 U.S.C. 523(a)(2)(a).

In order to comply with the requirements of Fed. R. Civ. P. 8 as incorporated by Bank. Rule 7008 and "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[14]"

The fact a court must accept allegations contained in a complaint as true is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.[15]" Legal conclusions suggested as factual allegations are likewise not entitled to be accepted as true for purposes of a Motion to Dismiss[16].

Of the 8 paragraphs that contain factual actual allegations, which are entitled to a presumption of truth, none provide the factual support for the claim asserted by the Plaintiffs.

---

[13] Complaint to Determine Dischargeability of Debt(Docket No. 1), Paragraph 11
[14] Ashcroft et al v. Iqbal et al, 129 S.Ct. 1937, 1945; 173 L.Ed.2d 868, 883 (May 2009)
[15] Id
[16] See, Id

---

- 7 -

MOTION FOR JUDGMENT ON THE PLEADINGS

In particular, the complaint requests relief under 11 U.S.C. §523(a)(2)(a), yet provides no factual allegations that the Plaintiff's alleged representation was false, that the Defendant was cognizant of their inability to pay the debt or that the Defendant intended any fraud or misrepresentation.

Plaintiffs cite the *Dougherty* case in laying out six factors the court should consider in reviewing this case. However, the Dougherty court provided a 12 factor test (the totality of the circumstances test), and while some factors were combined in the Complaint, others are blatantly missing[17]. Moreover, the Complaint does not provide enough factual allegations to meet the factors that the Complaint does present, let alone the other factors that were not mentioned. Furthermore, since *Dougherty* other courts have followed the totality of the circumstances test, but the *Dougherty* court has been criticized because it does not consider all of the common law elements of fraud, particularly, misrepresentation and reliance which are required under 11 U.S.C. §523(a)(2)[18].

Ultimately, the Complaint does not present enough factual allegations to meet the minimum legal factors it chose to include in the Complaint let alone the other factors the court has been directed to consider under the "totality of the circumstance test." Furthermore, under 11 U.S.C. §523, the "creditor must prove each element of fraud by a preponderance of the evidence,[19]" and the Plaintiff has not presented any factual allegations to meet the elements of fraud, particularity, misrepresentation, or reliance.

Plaintiff's sole fact containing the date of the Debtor's cash out, April 22nd, 2009, encourages the court to draw an inference of fraud, but does not itself support a claim under 11 U.S.C. 523(a)(2)(a). Were the claim incurred 70 days prior to the filing date of the petition filing date of July 28th, 2009 for the purpose of 11 U.S.C. 523(a)(2)(c)(i)(II) or 90 days for the purpose

---

[17] In re Dougherty, 84 B.R. 653, 657 (9th Cir. 1988)(stating state of employment, employment prospects, and financial sophistication of the debtor should also be considered)
[18] See, In re Eashai, 87 F.3d 1082, 1088 (C.A. 9 (Cal.), 1996)(noting The GM Card v. Cox, 182 B.R. 626, 637 (Bankr.D.Mass.1995))
[19] Id at 1087

- 8

MOTION FOR JUDGMENT ON THE PLEADINGS

of 11 U.S.C. 523(a)(2)(c)(i)(I), then the date would have a more significant meaning; Neither is true, so the fact bears no weight.

Given the overall lack of factual allegations to support the Complaint, the Plaintiff has failed to plead sufficient allegations to support its complaint under 11 U.S.C. §523(a)(2) and the complaint should be dismissed for failing to state a claim upon which relief can be granted.

### B. ADMITTING INSUFFICIENT FACTS TO BRING A CAUSE OF ACTION

Plaintiff has admitted by operation of law that there is no factual basis to bring this complaint.

Plaintiff has admitted by operation of law under F.R.B.P. 7037(a) by failing to respond to the Debtor's requests for admissions, that the Plaintiff possesses no facts demonstrating the Defendant's specific intent to defraud it.[20]

Further Plaintiff has admitted by operation of law under F.R.B.P. 7037(a) that this complaint was filed with knowledge that it failed to state a cause of action under Federal Law 11 U.S.C. 500 et. seq.

Without any proof of any intent by Defendant to defraud the Plaintiff, the Plaintiff has no cause of action under 11 U.S.C. 523(a)(2)(a).

### IV.    AWARD OF ATTORNEY'S FEES

Debtor should be awarded attorney's fees expended in having to oppose this adversary proceeding.

11 U.S.C. 523(d) provides: "If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust."

---

[20] See Exhibit A.

It is clear that Plaintiff brought this action as part of a "fishing expedition" to coerce a settlement from Defendant. Plaintiff had no intent to go to trial in this proceeding.[21] Plaintiff did not take advantage of the opportunity to question Defendant at her Meeting of the Creditors and Plaintiff did not conduct an examination of the Defendant under F.R.B.P. Rule 2004.

After filing the Complaint, Plaintiff did not conduct any discovery, did not file the scheduling order per the court's instructions on February 4th, 2010 and has not produced any initial disclosures.[22] The discovery deadline of June 1, 2010 is now passed. Plaintiff has further failed to respond to the Defendant's discovery requests.[23] In short, Plaintiff has absolutely no evidence to support the allegations in the Complaint and has conducted no investigation to discover any facts that could have supported the allegations. Plaintiff's quick abandonment of the Complaint demonstrates that Plaintiff was not substantially justified in filing this action.

The declaration of Anerio V. Altman, Esq. sets forth that the Defendant has incurred $2500.00 in legal fees by defending this Adversary Proceeding.

This amount is reasonable in as much as the services provided were necessary to fully and properly represent Defendant's interests in this matter. Moreover, Plaintiff had every opportunity to mitigate the potential damages by withdrawing and/or dismissing the adversary proceeding at any time before the filing of the answer was required. It failed to do so.

Accordingly, Defendant is entitled to an award of attorney's fees and costs in the amount of not less than $2500.00 pursuant to 11 U.S.C. 523(d).

### IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court grant this Motion for Judgment on the Pleadings and enter judgment against Plaintiff.

---

[21] Id.

[22] Exhibit B.

[23] Id.

Dated: June 18, 2010                              Signed:/S/ ANERIO V. ALTMAN, ESQ.
                                                         ANERIO V. ALTMAN, ESQ.
                                                         ATTORNEY FOR DEFENDANT
                                                         JANET L. YOUNG